UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X
THE NEW YORK TIMES COMPANY and              :
ADAM GOLDMAN,
                                            :
              Plaintiffs,                   :     **COMPLAINT**
                                            :
      v.                                    :
                                            :
EXECUTIVE OFFICE FOR                        :
UNITED STATES ATTORNEYS,
                                            :
              Defendant.
———————————————————————— X

Plaintiffs THE NEW YORK TIMES COMPANY and ADAM GOLDMAN, by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Executive Office for United States Attorneys ("EOUSA") in response to a request properly made by Plaintiffs (jointly, "The Times").

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

3. Plaintiff Adam Goldman is a reporter for *The New York Times* newspaper.

4. Defendant EOUSA is an office within the United States Department of Justice ("DOJ") that has possession and control of the records that Plaintiffs seek.

1

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to FOIA requests and make determinations with respect to FOIA appeals within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant EOUSA has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

9. In 2017, Michael Flynn, then-President Trump's former national security advisor, agreed to plead guilty to one charge of making false statements pursuant to 18 U.S.C. § 1001 in exchange for cooperation with the Office of Special Counsel's ("OSC") Russia investigation. *See United States v. Flynn*, No. 17-cr-00232 (D.D.C.) (Dkt. No. 223-2) [hereinafter *Flynn*]. To facilitate Flynn's cooperation with the OSC, the parties agreed to postpone sentencing. *Id.*

10. In January 2020, Flynn sought to withdraw his guilty plea and have the charge dismissed on grounds of prosecutorial misconduct. *See Flynn* (Dkt. Nos. 151, 162).

11. That same month, at the order of Attorney General William Barr, the U.S. Attorney's Office for the Eastern District of Missouri ("EDMO") began a review of the Flynn prosecution. *See* Adam Goldman & Katie Benner, *Ex-F.B.I. Official Is Said to Undercut Justice Dept. Effort to Drop Flynn Case*, N.Y. Times (May 13, 2020), https://www.nytimes.com/2020/05/13/us/politics/bill-priestap-michael-flynn.html.

2

12. As part of this review, Jeff Jensen, the United States Attorney for EDMO interviewed Edward William Priestap, the former assistant director of the Federal Bureau of Investigation's ("FBI") counterintelligence division, on May 5, 2020. Priestap played "a central role in the FBI's investigation into Russian interference in the presidential election and was involved in high-level discussions about whether to question Mr. Flynn." *Id.*

13. Two days after the interview, the DOJ filed a motion to dismiss their case against Flynn. *See Flynn* (Dkt. No. 198). The decision was "a stunning reversal, widely regarded as part of an effort by Mr. Barr to undermine the Russia investigation." Goldman & Benner, *supra*. Even the prosecutors on the case were allegedly "upset" with the decision to drop the charge. *Id.*

14. The motion, curiously, did not mention the interview of Priestap.

15. One week later, the DOJ filed discovery correspondence reflecting that it had produced the "report documenting a May 5, 2020, interview of Edward William Priestap" to Flynn. *See Flynn* (Dkt. No. 210-1). The FBI allegedly agreed to release the documents "because they contained no classified or sensitive material." Goldman & Benner, *supra*.

16. On December 8, 2020, after then-President Trump pardoned Flynn, the case was dismissed as moot. *See Flynn* (Dkt. Nos. 310–11). In his accompanying opinion, Judge Sullivan expressed doubts about the legitimacy of the DOJ's motion to dismiss.

17. On July 16, 2020, The Times submitted a FOIA request ("the Request") to the EOUSA seeking, "any report or other documentation of or relating to a May 5, 2020, interview of Edward William Priestap, conducted by the United States Attorney for the Eastern District of Missouri, including any FBI Form 302 summarizing any interview with Priestap." The Times also sought expedited processing of the Request. The Request was assigned tracking number EOUSA-2020-003626.

18. On September 23, 2020, EOUSA denied The Times's request for expedited processing.

19. In February 2021, The Times asked for a status update. The EOUSA informed The Times that the office would soon run a search for the requested records.

20. On October 7, 2021, The Times asked for another status update.

21. On October 20, 2021, the EOUSA denied The Times's request on the grounds that the records "are subject to a judicial protective order making them unavailable for release to the public."

22. On November 2, 2021, The Times appealed, arguing that the denial was "erroneously premised on a judicial confidentiality order that does not reach the documents at issue."

23. As of the date of this filing, the EOUSA has not since communicated in any way with The Times.

## **CAUSE OF ACTION**

24. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

25. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

26. Defendant has failed to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)–(B). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

27. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

28. No exemptions permit the withholding of the documents sought by the Request.

29. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

30. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

31. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

32. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

33. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
May 4, 2022

/s/ David E. McCraw
David E. McCraw
S.Y. Jessica Hui
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*